## John Hoskins, Appellee, v. Sarah Augusta Mann et al., Appellants.

BILL OF INTERPLEADER—*when should be dismissed.* A bill of interpleader collusively interposed should be dismissed, it appearing in this case that the stakeholder complainant was not indifferent, that he had never in fact been harassed by contending claimants and. that the bill was in reality filed in the interests of one of the parties defendant.

Bill of interpleader. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

J. B. TITUS and R. M. PEADRO, for appellant.

CRAIG & KINZEL, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The appellee, John Hoskins, filed a bill of interpleader in the Circuit Court against Sarah A. Mann, Phoebe D. Hoskins and Musetta Henton, the object of which was to have determined which of said defendants was entitled to certain rents due from the complainant for the use and occupation of 160 acres of land for the year beginning March 1, 1906, for which he had executed a promissory note to one John Henton, for the sum of $720.

The facts out of which the controversy arises, briefly stated, are as follows: In the year 1904, John Henton, who was the owner of several tracts of land in Moultrie county, conveyed to each of his grandchildren, Sarah A. Mann, Phoebe D. Mann, and Myrtle M. Mann, a tract of 80 acres of land by deeds dated August 1, 1904, which were to be delivered to the grantees upon his death. From the date of the deeds until his death on July 16, 1906, he continued from year to year to collect rent for said tracts of land. On November 14,

1905, he rented to appellant, Hoskins, who had inter-married with Phoebe D. Mann, the tracts of land there-tofore conveyed by him to Phoebe D. Hoskins and Sarah A. Mann, for the year beginning March 1, 1906. In payment of rent for the same, Hoskins executed his note payable to John Henton for $720, payable December 26, 1906. On March 21, 1906, he rented the tract conveyed to Myrtle M. Mann for the term of one year to one William Spaugh, who executed and delivered to him in payment of the rent to March 1, 1907, a note for $480, payable December 25, 1906, which note, at the request of Henton, was made payable to Musetta Henton, his daughter-in-law. During the lifetime of John Henton, he delivered said notes to the said Musetta Henton in consideration of care and attention rendered him by her. A bill of interpleader similiar to the one under consideration was also filed by Spaugh against Musetta Henton. Sarah A. Mann, Phoebe D. Hoskins and Myrtle M. Mann, by their answers and cross-bill, claim that they were entitled to the rent for said prem-ises by virtue of the deeds made to them by their grandfather, which were filed for record a day or two after his death. Musetta Henton, by her answer, claimed title to said notes by virtue of the delivery of the same to her by John Henton prior to his death.

Decrees were rendered upon hearing, finding Mu-setta Henton to be the owner of the notes and order-ing the respective complainants to pay the amounts due thereon to her. To reverse the decree in the cause to which they were defendants, this appeal is prosecuted by Sarah A. Mann and Phoebe D. Hoskins.

It will not be necessary to determine the other questions involved for the reason that the evidence develops that both the present bill and that of Spaugh were filed as the result of collusion between the complainants and Willis Mann, the father of the de-fendants, Phoebe D. Hoskins, Sarah A. Mann and Myrtle M. Mann. Willis Mann testified that acting in the interest of his daughters, he employed the attor-

neys to file the bills; that he told complainant Hoskins that he "was going after this rent and that he thought it would be best to do it this·way;" that he employed the solicitor to file the bills in the interest of his daughter, Mrs. Hoskins, and "to look after her interests all the way through." That she had never claimed the rent due from her husband, the complainant, until after the bill was filed. Upon the hearing of his bill William Spaugh testified as follows: "I am the party who filed this bill of interpleader in this case; it was drawn up and fetched out to where I was; I did not employ any lawyer to bring the suit; Willis Mann got me to do it; he came out to my place to see about it and I told him all right, that I would come in with him; he said it would be to my best interest to take this proceedings, so I wouldn't have to pay the rent twice, or something like that; we went up to Mr. Peadro's office and he asked me if I had rented it and farmed it and I said I had given my note and I told him who the note was given to; I don't know that I told him that I didn't know why the note was given that way. I think I told him I had given the note at the request of Mr. Henton that way; Mr. Mann asked me to file the bill; he said he would put up for it when I said I didn't want to get into law; Myrtle May Mann never asked me for the rent, nor neither has Mrs. Henton; I did not aim to pay the rent to anybody until I got the note; I am ready to pay it this afternoon, if I get my note; I told Mr. Mann I would come in with him and that I did not want to pay the note but once; he said it would not cost me anything; he did not just tell me that he would pay the attorney's fees."

The respective bills of Hoskins and Spaugh allege, in substance, that the defendant, Musetta Henton, is claiming to be the owner of the note therein involved and entitled to receive the sum due thereon, and that the other defendants were demanding from the complainant the rent for which the note was given; that the complainant does not collude with any of the parties,

nor exhibit his bill at the request of either or any of them but solely of his own free will to avoid being molested, vexed or harassed, etc. To each of said bills is attached the affidavit of the complainant to the same effect. The foregoing averments and affidavits are essential to a bill of interpleader in order to prevent an abuse of the proceeding by issuing the same collusively to give an undue advantage to one of the contending parties, and therefore must be proved as alleged. Where an affidavit of non-collusion is filed, the question of collusion is reserved until the hearing when it may be raised. It will be seen from the testimony quoted that the proceedings were in reality instituted, not by the complainants as indifferent stakeholders to avoid being harassed, but by the father of several of the defendants and in their interest. It further appears that neither of the defendants had, prior to the filing of the bill, demanded payment from the complainant of the note or the sum of money in controversy, or in any manner harassed him, and further that the attorney who filed the bill was employed by Willis Mann, who agreed to indemnify the complainant against the payment of any costs or solicitor's fees. These facts clearly show an attempted abuse of the proceeding and it was the duty of the chancellor when the same was made to appear, to have dismissed the bill for the want of proof sustaining essential averments of the same.

The decree under consideration will be reversed and the cause remanded with directions to the Circuit Court to enter a decree dismissing the bill upon hearing for want of equity.

*Reversed and remanded with directions.*